Statement of Facts.

133 438
149 175

133 438
186 526
133    438
f212   ¹429

133    438
219    ²634

133   438
f222  ¹332
f224  ¹454

## JAMES NICHOLS v. A. A. NICHOLS ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.

Argued February 24, 1890—Decided March 24, 1890.
[To be reported.]

1. Receipts, whether contained in deeds or elsewhere, are not conclusive evidence of the payment of money, but prima facie proof only, and are always open to explanation; accordingly, testimony is admissible to show that the real consideration of a deed for land was something different from that stated on its face.

(a) In 1846 the husband of one of three residuary devisees received from the others a deed for land which was part of the residuary estate. The expressed consideration, $1,000, was receipted for at the foot of the deed. In ejectment between the children of said husband and wife, after their death, the plaintiff set up a resulting trust in the wife's favor as to the two thirds interest passing by that deed.

(b) Two other deeds were executed and acknowledged the same day, before the same justice. In each the consideration was stated to be $1,000. By one of them the husband of another of the residuary devisees received a conveyance of the interests of the tenants in common with his wife in the remainder of said residuum, and by the other he and his wife conveyed to the wife's brother, the third devisee, certain lands not a part of the residuary estate:

2. The deeds last mentioned, in connection with testimony that the grantee, in that first mentioned, admitted in his lifetime that the land in dispute belonged to his wife, that the wife always claimed it, and that she and another of the residuary devisees declared at different times during their lives that those devisees had divided the estate, she taking this land as her portion, were admissible for the plaintiff and should have been submitted to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-COLLUM, JJ.

No. 27 July Term 1889, Sup. Ct.; court below, No. 54 January Term 1887, C. P.

On November 30, 1886, James Nichols brought ejectment against Asa A. Nichols and others, for the undivided one fifth of 98 acres in South Abington township. The defendants filed a disclaimer as to certain portions of the land alleged to have

been aliened by a former holder of the title, and pleaded not guilty as to the residue. They afterwards tendered to the plaintiff a judgment for the undivided one fifteenth.*

At the trial, on November 30, 1888, the following facts were shown :

William Clark died in 1845, seised of a large quantity of land, including the 98 acres described in the writ, and leaving a will dated July 29, 1845, admitted to probate on November 6, 1845, which, after making divers devises and bequests, disposed of the residue of his estate embracing the 98 acre tract, by the following paragraph :

" 4. And I do give and bequeath unto my three children, viz., my son George Washington Clark and my two daughters, Esther Griffin, wife of Elias Griffin, and Sarah Nichols, wife of Hiram Nichols, all and singular, equally and undivided, the entire residue of my real estate, lands and tenements, not hereinbefore bequeathed and disposed of by this will, and also all my personal property, goods, chattels, notes, book accounts, dues, demands and effects, except the household goods and furniture hereinbefore bequeathed to my daughter Charlotte."

At the time of the testator's death Sarah Nichols and Dr. Hiram Nichols, her husband, were in the occupancy of the 98 acre tract, and they remained in possession of it thereafter during the rest of their lives. Mrs. Nichols and her husband died, leaving five children, of whom the plaintiff was one. Two of the others were defendants, and the rights of the remaining two were represented by the defendants.

---

* Briefly stated, the controversy in this case was as to whether the plaintiff's father, Dr. Hiram Nichols, had any title to the land in dispute, at the time of his death. The defendants claimed that, under a deed made to him from Elias Griffin and Esther, his wife, and George W. Clark, Dr. Nichols was the owner of an undivided two thirds interest, to which they claimed title under his will. They conceded, however, that his wife, Sarah Nichols, was the owner of an undivided one third, and that, as one of her five children, the plaintiff was entitled by inheritance to the one fifteenth of the whole. The plaintiff, on the other hand, claimed that the deed above mentioned was made in the course and as a part of a partition of the estate of William Clark, deceased, the father of Mrs. Nichols, among his children, and that Dr. Nichols held the title thus conveyed to him for the use of his wife, under a resulting trust, so that on her death the whole of the land passed to her heirs under the intestate law.

Having adduced testimony tending to prove that Mrs. Nichols and Mrs. Griffin, two of the devisees and legatees named in the residuary clause of the will, had at various times during their lives made declarations to the effect that the residuary devisees and legatees had divided among them the property devised and bequeathed by that paragraph, and that in the division Mrs. Nichols took the 98 acres as her portion, the plaintiff called William Clark, a son of William Clark, deceased, and put to him the following question :

Q. Mr. Clark, have you ever heard any conversation between Dr. Nichols and his wife with regard to the title of this farm?

Counsel for defendants object to that as incompetent, irrelevant and not pertinent to the issue.

By the court : I do not see how their declarations could have any bearing in the present stage of the case.

Counsel for plaintiff : The defendants in the issue claim title under Dr. Nichols ; we desire to show that Dr. Nichols acknowledged that the title was in his wife, and that that farm belonged to her.

Counsel for defendants object to the offer.

By the court : I will sustain the objection. It may become evidence at another time in the case, but at present your offer now is to show partition between the three. Under this offer it is not evidence. I do not rule now as to what bearing it may have hereafter : exception.[1]

Other testimony for the plaintiff tended to show that Elias Griffin, after the death of the testator took possession of the other tract of land embraced in the residuum of the estate.

The plaintiff having rested, the defendants put in evidence a deed from Elias Griffin and Esther, his wife, and George W. Clark and wife, to Dr. Hiram Nichols, dated April 3, 1846. This deed, for the expressed consideration of $1,000, the payment of which was acknowledged in a separate purchase money receipt, as well as in the body of the deed, purported to convey to the grantee the 98 acres involved in this suit. Appended to a description thereof by courses and distances, was this clause : " it being part of the estate of William Clark, deceased, and by whose will the said premises descended to the said Elias Griffin's wife, and George W. Clark, and Dr. Hiram Nichols' wife, and being that part of the said estate which was formerly

the homestead of Deacon William Clark, father of William Clark, deceased." The deed was acknowledged by the grantors on April 3, 1846, before N. Reynolds, justice of the peace. They put in evidence also the will of Dr. Hiram Nichols, dated September 21, 1886, admitted to probate on October 8, 1886, devising all the testator's real estate to four of his children, of whom the plaintiff was not one. Under this devise, the defendants claimed title to the two thirds of the land described in the writ.

. The plaintiff in rebuttal offered in evidence a deed from Dr. Hiram Nichols and Sarah his wife, and George W. Clark and wife, to Elias Griffin, dated April 3, 1846, and acknowledged by the grantors the same day, before N. Reynolds, justice of the peace, conveying for the consideration of $1,000 a tract of 27 acres and 87 perches, described as being a part of that portion of the real estate of William Clark, deceased, which was devised by his will to Esther, wife of said Elias Griffin, Sarah, wife of Dr. Hiram Nichols, and George W. Clark; also an adjoining tract of about one half acre, the title to which is described in the same way, counsel stating that "the purpose of this offer is to show a division by deed of the heirs, of the land devised to these three people by William Clark, deceased, and that the consideration of the deeds was the mutual conveyances; we propose to prove that."

Counsel for defendants object: 1. Because there is no recital in this deed that the consideration is the mutual conveyances, but the sum of $1,000. 2. Because the deed is to Elias Griffin and not to Esther Griffin, one of the devisees under the will of William Clark; it is not to one of the devisees at all; it is to Elias Griffin; and, 3. Because it is incompetent, irrelevant and immaterial in this case. 4. That the allegation that this is a deed of partition, is not supported by any recital in the deed, nor are there any other deeds to the devisees, namely, Sarah Nichols and George W. Clark.

Counsel for plaintiff propose to follow this offer by evidence showing that the 27 acres deeded to Elias Griffin were of considerable value; that upon the same day, Elias Griffin and wife deeded to George W. Clark about 44 acres of land, and that all three of the deeds, the deed to Hiram Nichols, the deed to Elias Griffin, the deed to George W. Clark, bearing the same

Statement of Facts.

date, were acknowledged on the same day and before the same justice of the peace. We, propose further, to prove by witnesses to be called on the stand, that Dr. Hiram Nichols in his lifetime stated that this land in dispute belonged to his wife, that it had come to her from her father's estate; that in making sales of land he stated to the vendees that it was her land, and sold it as such.

Counsel for defendants object to the offer as irrelevant, incompetent and immaterial, and not pertinent to the issue, and the last offer of parol testimony is vague as to time, place and persons; and as an attempt by parol to contradict the deeds offered in evidence, and to set up a trust by parol, which is taken to be extinguished after twenty-one years. It is also an attempt by taking advantage of the coincidence of time to make these deeds deeds of partition against any recitals to that effect in the deeds.

By the court: As I understand this offer now, it is an offer of certain deeds, together with evidence of alleged statements or admissions made by Dr. Hiram Nichols in his lifetime. I do not understand that there is any offer of evidence outside of the deeds, under the alleged declarations of Dr. Nichols that the consideration of the deeds was the mutual conveyances; if I am mistaken about that, counsel can introduce another offer with the evidence more clearly specified as to that question. With this understanding of the offer, I do not think it broad enough to affect the issue, and therefore sustain the objections; exception.[2]

Counsel for plaintiff renew the offer of the deed of George W. Clark, and others, to Elias Griffin, dated April 3, 1846, acknowledged the same day, for that portion of the land bequeathed to George W. Clark, Sarah A. Nichols and Esther Griffin, lying between the two turnpikes, and on which the house of S. A. Northup now stands; this to be followed by evidence that Elias Griffin, George W. Clark and Sarah A. Nichols stated at different times that they had divided this land in this way; also to be followed by evidence that Sarah A. Nichols, during her lifetime always claimed the title to the 98 acres of land, and that this claim was acknowledged by her husband to numerous people in conversations concerning the land, and at different times to persons who purchased portions of the land.

Counsel for defendants object to the offer as incompetent, irrelevant and immaterial, and not pertinent to the issue; that the offer does not contain any offer to show that the consideration in the deed to Hiram Nichols from George W. Clark and wife, and Elias Griffin and wife, dated April 3, 1846, was the mutual conveyance of portions of the residue of the property, nor does it contain any offer to show that the purchase money for said land was paid by Sarah Nichols, or by her property.

Counsel for plaintiff modify the offer as follows, and renew the offer of the deed from Hiram Nichols and Sarah A. Nichols, his wife, and others, to Elias Griffin, dated April 3, 1846, acknowledged that same date, for that portion of the land bequeathed to George W. Clark, Sarah A. Nichols and Esther Griffin, lying between the two turnpikes and on which the house of S. A. Northup now stands; this to be followed by evidence that Elias Griffin, George W. Clark and Sarah A. Clark, in the presence of witnesses to be called, stated that Sarah A. Nichols took the 98 acres in suit; that Elias Griffin took the portion contained in the deed offered herein, and that George W. Clark had an interest with Elias Griffin in this and other land, included in the residue of the real estate of William Clark, deceased; this to be followed by evidence that Sarah A. Nichols, during her lifetime, always claimed the title to the 98 acres of land in suit, and that this claim was acknowledged by her husband to witnesses to be called, in conversations concerning the land; that the consideration for the deed to Elias Griffin above mentioned to Sarah Nichols, was the land in suit.

Counsel for defendants object to the offer: 1. As incompetent, irrelevant, immaterial and not pertinent to the issue. 2. That any claim or allegation or statement made by Sarah Nichols, during coverture, in relation to title to this land in the absence of the husband is incompetent. 3. There is no offer to prove that the consideration of $1,000 mentioned in the deed to Hiram Nichols, dated April 3, 1846, and also receipted at the bottom of said deed, was the money or property of Sarah Nichols, or that Hiram Nichols ever so acknowledged or admitted. 4. That this is an attempt to establish a parol partition between tenants in common, in which the deeds are not to the tenants in common. 5. That the offer does not propose

to show that any admissions made by Dr. Nichols were made at the time of the alleged inception of the trust.

By the court: I will sustain the objections; exception.[3]

W. N. Clark recalled for plaintiff in rebuttal:

Counsel for plaintiff propose to prove by witness on the stand, that the witness bought a piece of land of Dr. Nichols, a portion of the original 98 acres in suit; that Dr. Nichols stated to him, at the time, that Sarah, his wife, wanted $100, and he wanted some land, and she would sell him a portion of her land; that he paid the $100, and subsequently received the deed from Sarah Nichols and her husband for the land bought, the same being a portion of the Nichols farm now in dispute. The purpose of this offer is to show that Dr. Nichols acknowledged during his life to this and other witnesses whom we propose hereafter to call, that the title to the 98 acres, which had been deeded to him, belonged to his wife; and we propose to follow this by evidence that Sarah Nichols during her lifetime, claimed the title to this land, and that the consideration for the deed to Hiram Nichols for the land was Sarah A. Nichols' interest in other lands of William Clark, her father, owned by her.

Counsel for defendants object to the offer as incompetent, immaterial, insufficient and not pertinent to the issue; that the legal title of Hiram Nichols, evidenced by his deed dated April 3, 1846, from George W. Clark and wife and Elias Griffin and wife, for the land described in the writ, and the payment of the purchase money by him, acknowledged in the deed and also by receipt at the bottom of the deed now in evidence, cannot thus be set aside by declarations made by Sarah Nichols, or by any alleged conveyance of a portion of this land to the witness on the stand, he having already testified that he purchased this land from Dr. Hiram Nichols.

By the court: The objection is sustained; exception.[4]

Elizabeth Hoover, called for plaintiff.

Counsel for plaintiff proposes to prove by the witness that she desired to purchase a piece of land, part of the 98 acres, the Nichols farm; that she spoke of it; that the doctor said the title belonged to his wife, Sarah Nichols; that she purchased a lot and went into possession in 1849.

Counsel for defendants object to the offer as incompetent,

Charge of Court below.

irrelevant and immaterial; that the legal title of Dr. Nichols, evidenced by his deed, cannot be set aside by vague, loose and general expressions; and, that as Sarah Nichols was the owner of an undivided one third of this land, and he the owner of an undivided two thirds of this land, it is not inconsistent with his title for him to say the title was in Sarah Nichols.

By the court: The objection is sustained; exception.[5]

The plaintiff presented some further testimony which tended to show that Sarah Nichols had received a deed to herself from the other devisees of William Clark for the 98 acres, but that this deed had been lost.

Before closing the case the defendants put in evidence certain deeds made by Hiram Nichols and Sarah his wife, conveying to purchasers from them the portions of the land referred to in the disclaimer of the defendants.

At the close of the testimony, the court, GUNSTER, J. charged the jury in part as follows:

The question in the case, gentlemen of the jury, is whether the plaintiff is entitled to recover one fifth or one fifteenth of this land, less the land which has been conveyed to other parties through the deeds which were read to you near the close of the case.

Both parties claim title from William Clark, deceased. By his will, dated July 29, 1845, and probated on October 6, 1845, William Clark gave, bequeathed and devised to George W. Clark, Esther Griffin and Sarah Nichols, all and singular, equally and undivided, the entire residue of his real estate, land and tenements, which was left after he had given, bequeathed and devised specific real estate to other parties. And the undisputed evidence in the case, gentlemen of the jury, is that the land in dispute is part of this residue which was devised to these three children. Under this will Sarah Nichols took one third of the undivided whole of the land in dispute. The will was made prior to the act of 1848, and if nothing more appeared in the case, the land, subject to the right which her husband had in it in his lifetime, would have descended to her heirs, who, as the undisputed evidence shows, are Asa A. Nichols, James Nichols, Sarah Davis, Jennie Barrett, and Mary Zimmerman, five children, so that each of these children would be entitled to one fifth of her one third.

Charge of Court below.

Now, in addition to these undisputed facts, there appears in the evidence a deed from Elias Griffin and Esther, his wife, and George W. Clark and his wife, to Dr. Hiram Nichols, the husband of Sarah Nichols, for this same piece of land. At the date of the deed, unless there was a partition, a partition already made, Esther Griffin and George W. Clark were each entitled to one third of the undivided whole of this real estate; so that, by virtue of the deed, if under the evidence you find that it shall stand, their interest became vested in Dr. Hiram Nichols. The deed is dated April 3, 1846, was recorded May 28, 1847, recites a consideration of $1,000, and has attached to it the receipt of the grantor for that amount as the purchase money mentioned in the deed.

Dr. Hiram Nichols, by his will, dated September 21, 1886, and probated October 6, 1886, after disposing of his personal property, devised to Flora A. Nichols, the wife of A. A. Nichols, a house and lot and buildings at Clark's Summit, where they resided at that time, with such other land adjoining thereto as should be equal to one quarter of the valuation of his real estate; he devised one quarter of the valuation of his real estate, that is, real estate of one quarter valuation, to Sarah Zimmerman; a similar amount to Jennie Barrett, and a similar amount to Mary A. Davis, disposing in that way of all his real estate, leaving nothing to James Nichols, the present plaintiff. . . . . If the two thirds interest of this land belonged to him at that time, this will disposes of it, and the plaintiff is not entitled to recover any part of that. . . . .

We come now to the allegations made on the part of the plaintiff, by virtue of which he claims one fifth of this land, and refuses to accept the one fifteenth. He alleges that after the probate of his grandfather's will, the will of William Clark, the three persons interested, George W. Clark, Esther Griffin and Sarah Nichols, made a partition of the land. We admitted this evidence, gentlemen of the jury, before the deed was offered in evidence upon the part of the defendants. It was proper for the plaintiff to show a partition, if a partition was ever made, and the evidence which was admitted, while it may not be as strong and satisfactory as evidence sometimes is, in my judgment there is enough of it to warrant me in submitting it to you for your consideration; but I desire to call your attention

to some other matters relating to it, to caution you against giving it undue weight or influence so far as this issue is concerned.

[This deed from George W. Clark and Elias Griffin and wife to Dr. Nichols is dated April 3, 1846, and it is recorded May 28, 1847. Now, the question is, gentlemen of the jury, was this partition made before the recording of that deed? Or, was it attempted to be made after? If the deed preceded any attempted division of the land, why of course the parties had no longer the power to divide it, because they didn't own it; they had conveyed whatever interest they had to Dr. Hiram Nichols. Now, in order to establish the allegation made by him, the plaintiff must prove it by the weight of the evidence. He alleges that there was a partition. The burden of showing that there was a partition is upon him; he must show it by the weight of the evidence, and in view of this date he must show by the weight of the evidence that the partition was made before the recording of the deed. I do not intend to recite the testimony given by the witnesses, by whom the plaintiff endeavored to prove this alleged partition; you, gentlemen of the jury, will remember what it was. I have no recollection myself that any witness fixed any date prior to 1855, for any declaration made by either of the three parties who took this land under the will of William Clark. If there is any evidence fixing any prior date, you, gentlemen of the jury, must try and remember it; I do not recollect any myself.] [6] . . . . .

Now, the evidence of partition, as produced by the plaintiff, is the testimony of the witnesses to declarations made by those three parties in interest, or at least two of them. . . . . . If these parties made declarations about this matter after they had conveyed this land to Dr. Nichols, of course their declarations could not establish title in them, or in Mrs. Nichols, because they had no interest; their declarations were not adverse to themselves; it was mere talk. But did they make these declarations while they had an interest in this land? Furthermore, was the declaration a true statement of what had actually been done, that is, that the land had actually been divided? . . . . .

Gentlemen of the jury, you have this deed in which these parties solemnly covenanted and warranted to defend their title to that land. You have also upon the face of this deed the receipt of these parties for the $1,000 purchase money men-

Charge of Court below.

tioned in the deed. Now, when they were making statements, as is alleged by the witnesses to them, as to dividing up this land, to what did they refer ? Did they mean that an actual partition had been made of their respective interests ? Or, did they mean that by some arrangement the thing had been settled up by conveying to Dr. Nichols their interest in this land ? This evidence is conflicting, and it is for you, gentlemen of the jury, to harmonize it. You must find out what the real fact was, what was the real transaction between the parties. . . . . .

[Much has been said here in regard to fraud, and of a trust, and of a deed to Sarah Nichols from the executors or administrators, or the parties interested. We say to you, gentlemen of the jury, there is no evidence of any fraud so far as this deed is concerned. No evidence has been offered or admitted in this case establishing fraud, or tending to establish it. Nor is there any evidence which would warrant you, gentlemen of the jury, in finding that Dr. Nichols took possession, by virtue of this deed, as trustee for his wife.] [7] While some of the witnesses testified that Mrs. Nichols had a deed for this land, there is no evidence, gentlemen of the jury, that Mrs. Sarah Nichols had any deed conveying the interest of George W. Clark or Esther Griffin to her. When a party alleges a deed, or there is evidence that a transaction is in writing, that writing must be produced, or there must be proof that the writing has been lost or destroyed, and then the party can show what the contents of the deed were. There is no evidence that there was any deed conveying to her the interest of George W. Clark or Esther Griffin to this land.

We have been requested by counsel to charge you upon different points. Upon the part of the plaintiff we are requested to charge you :

1. If the jury find from the evidence that George W. Clark, Esther Griffin and Sarah Nichols made partition of the real estate bequeathed to them, and pursuant to such division Sarah Nichols took possession of the land in dispute, and said Clark and Mrs. Griffin took possession of the remaining portions of said land, and during her, Mrs. Nichols', lifetime, she claimed the same as her property, and the consideration of the deed to her husband was the conveyance by her to said Clark and Mrs. Griffin of her interest in the other portions of said land, their verdict must be for the plaintiff.

Charge of Court below.

Answer: I decline to affirm this point as it is presented. There is no evidence which would warrant you in finding that the consideration mentioned in the deed to Dr. Hiram Nichols from George W. Clark and Esther Griffin, was the interest of Sarah Nichols in other parts of that land. If this partition, as alleged, was made before the recording of the deed to Dr. Nichols, then Dr. Nichols took no title by the deed. If it was made, or attempted to be made, after the recording of the deed, his rights were not affected by any such attempt. [8]

2. That if the jury find from the evidence that the three residuary legatees, Mrs. Nichols, Mrs. Griffin and George W. Clark, made partition of the real estate devised to them by the will of William Clark, deceased, then the title to the 98 acres in dispute vested fully in Sarah Nichols, and the said George W. Clark and Esther Griffin could not divest her of her title by making a deed to Dr. Hiram Nichols.

Answer: In the main, the point as presented is correct. But, as I have already stated, it depends upon another question, and that is the question of fact which you must find. If you find that the alleged partition was made before the recording of the deed to Dr. Hiram Nichols, the point is affirmed. If it was made or attempted to be made thereafter, I cannot affirm the point.

Upon the part of the defendants we are asked to charge you:

2. There is not sufficient evidence to establish a trust in Hiram Nichols in favor of his wife Sarah Nichols, in the land conveyed to him by George W. Clark and wife and Elias Griffin and wife by deed dated April 3, 1846.

Answer: This point is affirmed. As I have already told you, there is not sufficient evidence of any trust. [9]

The jury rendered a verdict for the plaintiff for the undivided one fifteenth of the land in dispute. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiff took this appeal, assigning for error:

1–5. The refusal of plaintiff's offers. [1 to 5]

6, 7. The portions of the charge embraced in [ ] [6] [7]

8. The answer to plaintiff's point. [8]

9. The answer to defendants' point. [9]

Arguments.

*Mr. S. B. Price* (with him *Mr. W. W. Watson* and *Mr. W. S. Diehl*), for the appellant:

1. While a husband's declarations as to his wife's title are inadmissible in a contest between the wife and his creditors, that rule is an exception to the general principle that declarations of a person in possession, against his interest, are competent evidence against him and claimants under him : Wall v. Staley, 91 Pa. 27. The declarations of Dr. Nichols were competent, especially as they corroborated competent testimony which showed that the property belonged to the wife under the devise from her father. They showed admissions of title in her as early as three years after the date of the deed to her husband, and would have established the fact that he was holding for her. And the deeds that were rejected tended to sustain the allegation that there was a parol partition. They were a part of the partition and the means whereby it became matter of record. Proof by the deeds of the acts done in effecting the division, was at any rate admissible as part of the res gestæ : Devling v. Little, 26 Pa. 506 ; York Co. Bank v. Carter, 38 Pa. 446; Steckel v. Desh, 12 W. N. 133.

2. The instruction that the partition was invalid unless made before the deed to Dr. Nichols, was wrong. Even if he had purchased the two thirds interest conveyed to him, there might have been a subsequent arrangement that, instead of paying money for it, his wife's interest in the other lands should be conveyed to the other devisees, and he should hold this land for his wife, which would be as valid as though the partition had preceded the deed. But there was no evidence of a purchase ; there was evidence of a partition and the deeds offered accorded with it. Hence, there was a necessary presumption that the agreement for the partition preceded the deeds. The testimony offered tended to show that the consideration for the deed to Dr. Nichols was his wife's interest in the other lands, and to establish a resulting trust in him for her. Such a trust may be established by parol declarations of the grantee : Gregory v. Setter, 1 Dall. 213 ; German v. Gabbald, 3 Binn. 302 ; Wallace v. Duffield, 2 S. & R. 521; Slaymaker v. St. John, 5 W. 27 ; Jackman v. Ringland, 4 W. & S. 149; Lloyd v. Carter, 17 Pa. 216 ; Beck v. Graybill, 28 Pa. 66; Nixon's App., 63 Pa. 279; Lynch v. Cox, 23 Pa. 265. Proof of pay-

ment of the purchase money is prima facie evidence of it:
Edwards v. Edwards, 39 Pa. 369.

*Mr. Lemuel Amerman* (with him *Mr. Edward Merrifield*),
for the appellees:

1. The testimony by which it is asserted that a parol parti-
tion was proved, was very flimsy. It is unnecessary to cite
authorities to show that declarations of parties to a deed, made
subsequent thereto, are not competent for the purpose of im-
peaching the title. The deed to Elias Griffin is not evidence
of a partition. It does not purport to be a deed of partition.
The grantee is not one of the tenants in common, and the
consideration is money, not lands. Its effect cannot be changed
by inferences, but any inferences that might be drawn would
lead to a conclusion exactly opposite to that desired by the
plaintiff, as in neither of the deeds offered is the grantee one
of the tenants in common, and the fact that George W. Clark
is not a grantee for any part of the residue lands shows con-
clusively that the consideration of the conveyance was not an
exchange, but money, as stated in the deeds themselves.

2. Subsequent claims by Sarah Nichols, and declarations of
other parties, cannot be permitted to destroy the deed to her
husband. No offer was made to show that, at the time of tak-
ing it, he stated that the consideration came from his wife, or
that he was acting as trustee; and the only declarations which
would be admissible are those accompanying the act: Devling
v. Little, 26 Pa. 506; York Co. Bank v. Carter, 38 Pa. 446. To
be valid, the partition must have preceded the deed to Hiram
Nichols, as George W. Clark and Esther Griffin could not
divide what they had deeded away. The receipt at the foot
of the deed is evidence, without further proof than the ac-
knowledgment of the deed, that he paid the money consid-
eration mentioned in it: Kelley v. Dunlap, 3 P. & W. 136.
Declarations offered to establish a resulting trust must have
been made at the time of the transaction: Cowden v. Oyster,
50 Pa. 368. Moreover, the alleged declarations of Dr. Nichols
were not inconsistent with the fact of his absolute ownership of
the undivided two thirds, inasmuch as he was a tenant in com-
mon with his wife.

3. The deeds offered were not sufficient to establish a result-

Opinion of the Court.

ing trust by showing payment of the consideration by Mrs. Nichols. No part of a parol trust can be left to inference; the proof to establish it must be clear, explicit and unequivocal: Brickell v. Earley, 115 Pa. 479; Earnest's App., 106 Pa. 310; Hayes's App., 123 Pa. 110; Bennett v. Fulmer, 49 Pa. 162. But, as the deed to Dr. Nichols was made prior to the Married Woman's Act of April 11, 1848, P. L. 536, there would be no implication of a trust, even if there were undoubted proof that the personal property of William Clark, deceased, was used in payment of the consideration: Cowden v. Oyster, 50 Pa. 368. In this case, the judge sat as a chancellor, and it was his duty to reject, or withdraw from the jury, testimony which, if true, would not induce a chancellor to decree a conveyance: McBarron v. Glass, 30 Pa. 133; Church v. Ruland, 64 Pa. 432. We adopt the opinion of the court below, discharging the rule for a new trial, as part of our argument.

OPINION, MR. JUSTICE GREEN:

It is entirely undisputed that under the will of her father, William Clark, Mrs. Sarah Nichols took an undivided one third interest in the 98 acre tract which is in controversy in this case. There was other real estate, and there was personal estate, in fact, all of the testator's personal estate, given, along with the 98 acre tract, to Mrs. Nichols, to her brother, George W. Clark, and her sister, Esther Griffin, in equal shares. These three were therefore tenants in common of all the property devised and bequeathed to them by the residuary clause of the will. The will was dated July 29, 1845, and proved November 6, 1845. There was no proof of any formal written partition of the property thus held in common. There was an abundance of proof that the 98 acre tract was occupied by Hiram Nichols and his wife from the time of William Clark's death, in 1845, during the whole of their lives; and there was proof that George W. Clark, and Mrs. Griffin and her husband, took the other land, and the personal estate between them. There was also much proof, by the verbal statements and declarations of the parties, that the three tenants in common had, in point of fact, made a parol partition of the real and personal estate given to them by their father's will. As a part of that proof, it was testified that Mrs. Nichols took the 98 acre tract for her share, and that

Mrs. Griffin took another tract of land near the Nichols farm as a part or the whole of her share. There were no partition deeds executed between the parties showing precisely what was allotted to each; there is a lack of certainty, therefore, as to what precise portions of the testator's property were taken by each in full of the shares of each, but it is proved beyond all question that there was a partition, and that it was made by parol.

The parties to this action are the five children of Mrs. Nichols and her husband. James, the plaintiff, seeks to recover the undivided one fifth of the 98 acre tract, upon the theory that the whole of the tract was the property of his mother, who died intestate. The defendants are the other children of Mrs. Nichols, and they claim the exclusive ownership of two undivided third parts of the tract under the will of their father. They allege that he was the owner of these two undivided third parts of the tract, by virtue of a deed made to him in 1846 by George W. Clark, and Mrs. Esther Griffin and her husband. Such a deed was given in evidence, not conveying, specifically, two undivided third parts of the tract, but the whole of it. But, as it recites that the tract came to the grantors and Mrs. Nichols as a part of their father's estate, and the whole of their interest in the tract was only two thirds, of course the deed was operative only to that extent. The remaining one third belonged to Mrs. Nichols, and was unaffected by the deed; and that is the reason why the plaintiff is, in any event, entitled to one fifth of one third, or one fifteenth of the tract. But he claims that this deed was only given in the course of the partition of the real and personal estate of his grandfather, which was held in common by his mother, and her sister and brother, and that, as her interest in the joint estate furnished the only real consideration for the conveyance, she was the equitable owner of the title, and her husband simply held the two thirds of the property as her trustee. The deed was dated April 3, 1846, and was acknowledged the same day before N. Reynolds, justice of peace; and it recited a consideration of $1,000, for which the usual receipt was written and signed at the end of the deed.

On the trial, the plaintiff, in support of this theory of the case, offered in evidence two deeds; one of which was from Dr. Hiram Nichols and Sarah, his wife, and George W. Clark

and Ellen G., his wife, to Elias Griffin, for a tract of 27 acres, 87 perches, and another small piece, of about one half acre, being part of the estate of William Clark, deceased, which was bequeathed by his will to Mrs. Griffin, Mrs. Nichols, and George W. Clark, to show a division by deed of the land devised to the three children of William Clark, and that the consideration of the deed was the mutual conveyances. This deed was also dated April 3, 1846. The consideration recited and receipted for was $1,000, and it was acknowledged on the same day and before the same justice, N. Reynolds, as are mentioned in the deed from George W. Clark, and Mrs. Griffin and her husband, to Hiram Nichols. The plaintiff proposed to follow the offer of this deed by evidence showing that the 27 acre tract was of considerable value, and that on the same day Elias Griffin and wife conveyed by deed to George W. Clark a tract of 44 acres; that all three of the deeds bore the same date, and were acknowledged before the same justice; and that Dr. Hiram Nichols in his lifetime stated that this land in dispute belonged to his wife, and that, in making sales of land, he stated to the vendees it was her land, and sold it as such. This offer of proof was rejected. The other deed was then offered by itself, with a similar offer of proof to follow; and then it was offered in connection with the deed from Nichols and wife and George W. Clark to Elias Griffin, to be followed by proof that Elias Griffin, George W. Clark, and Sarah A. Nichols stated in the presence of witnesses that Mrs. Nichols took the 98 acres in suit, and that Elias Griffin took the portion mentioned in the deed to him, and that Mrs. Nichols always claimed title to the 98 acres, and that such claim was acknowledged by her husband in conversations with witnesses to be called. This offer of proof was also rejected; and in the rejection of both of these offers, we think, there was error.

The learned court seemed to think that, because a consideration of $1,000 was mentioned in the deed from Clark and wife and Griffin and wife to Nichols, a presumption of such strength arose that the money, and that alone, constituted the only consideration of the conveyance to Nichols, that all of the proof offered could not be heard, and was entirely inadmissible to prove any other consideration. But it is perfectly well settled law that receipts, whether contained in deeds or

elsewhere, are not conclusive of the payment of money, but only prima facie proof, and always open to explanation.    Thus, an acknowledgment of the purchase money in the body of a deed, and a receipt indorsed, are not conclusive evidence of such payment: Hamilton v. McGuire, 3 S. & R. 355.   A receipt for the purchase money indorsed on a deed is only prima facie evidence, and may be rebutted by evidence: Weigley v. Weir, 7 S. & R. 309.   See, also, Strawbridge v. Cartledge, 7 W. & S. 394; Watson v. Blaine, 12 S. & R. 131; Hoffman v. Strohecker, 9 W. 183; Byers v. Mullen, 9 W. 266.

Now, if the rejected offers of testimony had a tendency to prove that the real consideration of the deed to Nichols from George W. Clark and Griffin and wife was the interest of Mrs. Nichols in the land, and the deeds from her and her husband and Clark to Griffin, and from Griffin and wife to Clark, then, undoubtedly, the offers should have been received.   To our minds, this rejected testimony not only had such a tendency, but was highly persuasive of the truth of the plaintiff's theory. There was not a particle of proof in the case of the actual payment of any money by any of the parties to the deeds.   The sums named in each were precisely the same, and it would certainly be an extraordinary coincidence that all three of the properties in question had exactly the same value.   There was no proof, outside of the deeds themselves, that there were any negotiations for the actual purchase by any of the grantees, from any of the grantors, of any of the property conveyed by any of the deeds.   Then the deeds were all executed on the same day, and acknowledged before the same justice on the same day they were executed.   It is almost, if not quite, impossible to believe that these three conveyances were entirely independent transactions, having no relation to the division of the joint estate, and that they were mere ordinary deeds to perfect sales for money which was actually paid in each instance.   The deed from Dr. Nichols and wife and George W. Clark and wife to Elias Griffin certainly conveyed the whole of Mrs. Nichols' and George W. Clark's interests in the 27 acres which was described in the deed as being a part of their father's land which had been devised to the three in equal shares.   There is no proof, except that which arises by presumption from the recital in the deed, that any money was

paid for this conveyance.   Mrs. Nichols was certainly divested
of her interest in this part of her land by force of that deed,
and on the same day her sister, Mrs. Griffin, divested herself
of her interest in the 98 acres by conveying it to Mrs. Nichols'
husband.   In the absence of proof that any money was actually
paid, the inference is exceedingly strong that each conveyance
was the consideration of the other.   But, in addition to all
this, the plaintiff offered to give in evidence the declarations of
Dr. Nichols that the land belonged to his wife, and came from
her father's estate, and that Sarah Nichols always claimed title
to the 98 acres, and that her claim was acknowledged by her
husband to witnesses to be called; but it was all rejected.
There had been considerable evidence already given of declar-
ations by the parties that the 98 acres were taken by Mrs. Nichols
as her share in the division; and these, together with the fur-
ther declarations which were offered and rejected, would add
much force to the effect to be given to the rejected deeds.
The whole combined, all the deeds and all the declarations,
might well convince a jury of the correctness of the plaintiff's
theory, and that the deeds were really given in execution of
the partition agreed upon by the parties.

We are clearly of opinion that all the testimony rejected
was proper evidence for the consideration of the jury in deter-
mining the question of partition.   The learned judge of the
court below, in his charge, in his answers to points, and in the
rejection of the deeds and declarations, held that it was neces-
sary for the plaintiff to prove by independent testimony an
actual partition made prior to the date of the deeds, before
they could be admitted in evidence, and that no proof of a sub-
sequent partition could be received, because, after the deed to
Dr. Nichols by George W. Clark and Mrs. Griffin and her hus-
band, the land was not held in common, and there was nothing
to divide.   But this view entirely overlooks the plaintiff's con-
tention that the several deeds were themselves a necessary
part of the partition, and were made for the very purpose of
effecting it.   If that were true, as a matter of course, they
should have been admitted, and given to the jury, as material
evidence upon the very question of partition.   There was no
good objection to the admission of the declarations.   They
were made by those under whom the defendants claim title.

They relate to the character of the transaction at the time it occurred, and, whether made contemporaneously or subsequently, they tend to throw light upon that very subject. It is not like the case of an attempt to acquire title to real estate by loose declarations, as against the express terms of a deed, but rather as explanatory of the character of deeds actually made and not at all questioned, which might or might not have been made for a particular purpose, according to the intent of the parties. When the declarations of the parties themselves are received, if they, together with the deeds, should convince the jury that the deeds were all given in execution of a scheme of partition, they might well find that such was the fact, without impairing the effect of the deeds as conveyances of the several titles. We sustain all the assignments of error.

Judgment reversed, and new venire awarded.