## McPherran's Estate (No. 1).

*Deeds—Receipts—Evidence.*

Receipts, whether contained in deeds or elsewhere, are not conclusive of the payment of money, but only prima facie proof and always open to explanation. Thus, an acknowledgment of the purchase money in the body of a deed and a receipt indorsed, are not conclusive evidence of such payment. A receipt for the purchase money indorsed on a deed is only prima facie evidence and may be rebutted by evidence.

Where a deed makes no mention of a mortgage which is a lien on the land conveyed and the receipt in the deed is for the full amount of the purchase money, a finding of fact by an auditor and the court below that the mortgage was part of the consideration mentioned in the deed, will not be reversed by the appellate court, where the finding was based on sufficient evidence, and there was no manifest error.

*Executors and administrators—Sale—Discretion of court.*

The matter of allowing an administrator to purchase at his own sale, is one which addresses itself to the sound discretion of the orphans' court, and the Supreme Court will not revise that discretion where there is nothing to show that it has been abused.

*Executors and administrators—Surcharge—Raising of fund—Counsel fee.*

Where in proceedings in the orphans' court, a creditor succeeds in surcharging the accountant, and it does not appear that the accountant was guilty of bad faith or gross neglect, such creditor will not be entitled to the whole amount of surcharge as against other creditors; and another creditor will not be excluded from the benefits of the surcharge merely because his attorney was also attorney for the accountant.

*Executors and administrators—Promissory note—Possession of note.*

Mere possession by an executor of a note or bond payable by the decedent to the executor will not prevent a recovery. In such a case in the absence

of fraud it is not necessary for the executor to prove negatively that he did not hold the note in his individual right.

*Executors and administrators—Orphans' court sale—Purchase by administrator.*

When an administrator purchases lands at his own sale, by permission of court and the sale to him is confirmed by the court, he acquires a title in fee simple and is not responsible to the estate for any profits be may realize on the transaction.

A finding of fact by an auditor, based upon sufficient evidence and confirmed by the orphans' court, that trust moneys in the hands of a decedent had been invested in real estate standing in decedent's name, will not be reversed by the Supreme Court in the absence of manifest error.

Argued April 19, 1905. Appeal, No. 65, Jan. T., 1905, by W. Scott McPherran, from decree of O. C. Huntingdon Co., No. 17, of 1905, confirming report of auditor in Estate of Porter W. McPherran, deceased. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of John D. Dorris, Esq., auditor. The facts are stated in the opinion of the Supreme Court.

*Errors assigned* (1–30) sufficiently appear by the opinion of the Supreme Court.

*W. H. Woods* and *James S. Woods*, with them *Samuel I. Spyker*, for appellant.—It is incumbent on a party, who seeks to recover against a receipt, or other document, to make out his case clearly: Chapman v. R. R. Co., 7 Phila. 204; Kelly v. Dunlap, 3 P. & W. 136; Barclay v. Morrison, 16 S. &' R. 129; Lehn v. Lehn, 9 S. & R. 57.

The accountant should be surcharged with interest on all money he used and all profits that he made: Baker's App., 120 Pa. 33; Norris's App., 71 Pa. 106.

Where a creditor raises a fund for the common benefit, his counsel are entitled to a fee out of the amount distributed to the quiescent creditors and also are to be allowed for the expenses incident to raising the fund: Neill's Estate, 19 W. N. C. 380; Winton's Appeal, 87 Pa. 77; Freeman v. Shreve, 86 Pa. 135; Pleasanton's Appeal, 99 Pa. 362; McKelvy & Sterrett's Appeal, 108 Pa. 615.

An executor who is the payee of the note of his decedent, which is overdue at the time of his death, must show clearly that he held the note by a title hostile to the decedent : Hoffer's Est., 156 Pa. 473 ; McMahon's Est., 132 Pa. 175 ; Ike's Est., 200 Pa. 202.

*W. M. Henderson,* for appellee.—The finding of an auditing judge is equivalent to the verdict of a jury, and where it is approved by the court below, it will not be reversed by the Supreme Court : Mayhew's Estate, 155 Pa. 94 ; Lewis's App., 127 Pa. 127 ; Prouty v. Prouty & Barr Boot & Shoe Co., 155 Pa. 112 ; Penn Bank's Est., 152 Pa. 65.

Where a claim is presented against an estate and it appears that there is an account due the estate from the claimant, the orphans' court can determine the existence of the indebtedness due the estate for the purpose of offsetting the claim against the estate, but it cannot go further and decide that the claimant or distributee is indebted to the estate beyond his claim or share.

The surplus beyond the share of the person advanced is not different from a claim against any other debtor: Robinson's Est., 12 Phila. 170 ; Springer's App., 29 Pa. 208.

The fact that several years after an orphans' court sale, the purchaser at such sale sells the real estate at an advance, does not justify the conclusion that the value of the property then was the same as when sold under order of court: Immendorf's Estate, 190 Pa. 590.

There is no warrant for the proposition that at law an attorney's claim for services for a sum not judicially ascertained nor assented to by other claimants is a lien upon the fund as against such claimants : Patrick v. Bingaman, 2 Pa. Superior Ct. 113.

OPINION BY MR. JUSTICE POTTER, June 22, 1905 :

The thirty assignments of error in this case have been grouped by counsel, in the argument, so as to raise six independent questions.

1. Fourth and sixth assignments. On January 20, 1895, John P. McPherran and wife conveyed to Porter W. McPherran, the decedent, certain real estate in Harrisburg known throughout these proceedings as the " Eby lots " for a considera-

tion of $7,500. The deed was an absolute deed in fee simple containing the words " grant, bargain, sell," and also contained a receipt signed by the grantor for $7,500, the consideration mentioned. There was no reference in the deed to any incumbrance, but in point of fact the land was subject to a mortgage created by the grantor, upon which there was still due when decedent died, the sum of $4,128.25. When the administrator sold the Eby lots, the sale was made subject to this mortgage and the administrator has accounted only for the purchase money in excess of the mortgage, which was $1,800. The appellant asked the auditor to surcharge him with the amount of the mortgage on the grounds (1) that by the terms of the deed the decedent was entitled to receive an indefeasible estate in fee simple free from incumbrances and therefore at the time of his death he had a right of action against the grantor for the amount due upon the mortgage; and (2) the grantor being administrator, and indebted to the estate as claimed, should have charged himself in his account with the amount of his indebtedness.

The only evidence of the payment of the full consideration money by decedent was the receipt for $7,500 contained in the deed. The auditor held that this receipt was merely a formal matter and would not interfere with the assumption of the mortgage by the grantee as part of the $7,500, and the burden was upon the appellant to show payment of the full consideration. He found that appellant had failed to show that decedent had paid or obligated himself to pay the full sum of $7,500 and that the facts and circumstances of the case pointed the other way. He therefore declined to surcharge the accountant as requested.

The auditor also calls attention to the fact and counsel for appellee bases an argument upon it, that no exception was filed to the account on this ground, and that therefore under a rule of the orphans' court of Huntingdon county it cannot be considered. It appeared that an exception was filed nunc pro tunc on January 7, 1904, after final decree. Appellee claims that this exception was not in proper form, because it raised a question of fact and was not verified by affidavit as required by rule. Appellee also alleges that leave of court was not obtained for filing the exception nunc pro tunc; but

the exception itself recites that it is filed by leave of court. However this may be, we have the finding by the auditor, that as a fact the mortgage was part of the consideration mentioned in the deed. This finding was sustained by the court, and we will not disturb it: Mayhew's Estate, 155 Pa. 94; Prouty v. Prouty & Barr Boot & Shoe Co., 155 Pa 112; Lewis's Appeal, 127 Pa. 127.

In Nichols v. Nichols, 133 Pa. 438 (454), Justice GREEN said: "It is perfectly well settled law that receipts, whether contained in deeds or elsewhere, are not conclusive of the payment of money, but only prima facie proof and always open to explanation. Thus, an acknowledgment of the purchase money in the body of a deed and a receipt indorsed, are not conclusive evidence of such payment. A receipt for the purchase money indorsed on a deed is only prima facie evidence and may be rebutted by evidence."·

2. First, second, seventh, eighth, ninth, thirteenth and twenty-sixth assignments. Two properties of the estate, known as the North Sixth street property and the Eby lots, were purchased by the administrator by leave of court at his own sale. It was alleged that he had actually paid for these properties with the funds of the estate and had subsequently sold them at a considerable profit, and the auditor was asked to surcharge him with the amount of this profit, and also with interest and the amount claimed by him for commissions on the sales. The auditor found that the testimony failed to establish these conclusions of fact, or that the administrator used the funds of the estate for his own purposes. He further found, as a conclusion of law, that when an administrator purchases lands at his own sale, by permission of court, and the sale to him is confirmed by the court, he acquires a title in fee simple and is not responsible to the estate for any profits he may realize on the transaction. He also found as a fact, that the evidence did not show a profit at this stage to the administrator.

The matter of allowing the administrator to purchase at his own sale, was one which addressed itself to the sound discretion of the orphans' court, and we see no reason whatever in this case, why we should attempt to revise that discretion. Nor will we disturb the findings of fact alluded to in these assignments.

3. Eleventh, twelfth, twenty-fifth, twenty-seventh and twenty-ninth assignments. By the efforts of counsel for appellant, the accountant was surcharged in certain amounts., The counsel for the guardian of Frank P. Beam who was also counsel for the administrator, gave no assistance to appellant's counsel in this contest but on the contrary opposed the surcharges. The appellant claimed (1) that he alone should be given the benefit of these surcharges; and (2) if the auditor should deny him such preference, then he is at least entitled to an allowance out of the fund realized by the efforts of his counsel for their compensation. The auditor refused to award the entire fund to the appellant or to make any allowance for his counsel.

His reasons for declining to allow the claim of W. S. McPherran to be given the benefit of the entire surcharge, to the exclusion of other creditors, were, first, because he had found no bad faith or gross neglect on the part of the accountant, and, secondly because in his opinion the fact that the attorneys for the guardian of Beam also represented the accountant does not exclude the former from the benefits of any surcharge that has been made. We think these reasons are sound.

The claim for an allowance of counsel fees does not appear to have been made at the audit, and was not considered by the auditor in either of his reports, and the question apparently was first raised by the twenty-third exception to the supplemental report.

4. Third and twenty-first assignments. The accountant, John P. McPherran, presented a claim upon a promissory note for $1,371.77, made to his order by the decedent, dated January 20, 1895, at one day. Decedent died September 13, 1896. The note was objected to, on the ground that it had been overdue at date of decedent's death and was presented by his administrator, without any proof that it had not been paid and surrendered to the maker, or that it was in the possession of the payee at the time of the maker's death. It was claimed that under the circumstances a presumption arose that it had been in decedent's possession and the claimant had found it among his papers after his death. The auditor allowed the claim for the reason that the note was included in the schedule of debts annexed to the petition to sell the real

estate of decedent, and its validity was attacked in an answer filed by the appellant to such petition, and the order of sale was made by the court notwithstanding.

As the auditor has found as a fact that nothing in the circumstances would indicate anything like fraud, it was not necessary for the administrator to prove negatively that he did not hold the note in his individual right. Mere possession by an executor of a note or bond payable by the decedent to the executor, will not prevent a recovery : Kuhlman's Estate, 178 Pa. 43.

The execution and delivery of the note by P. W. McPherran, the deceased, does not seem to have been questioned, before the auditor, and we see nothing in the evidence which would prevent this claim from participating in the distribution.

5. Seventeenth assignment. This assignment relates to the finding of the auditor that $3,000 of the money of the minor, Frank P. Beam, was invested by his guardian, the decedent, in the Sixth street properties and in awarding that sum in full out of the proceeds of the sale of those properties. This appears to have been purely a question of fact for the auditor. Appellant contends that this finding depends upon the admissibility of the testimony of the accountant. But there is sufficient evidence to warrant such finding without considering the testimony of the accountant.

We do not see that the testimony of John P. McPherran is in any way adverse to the estate of P. W. McPherran. It did not charge that estate with any more money than it was admittedly responsible for, by reason of P. W. McPherran having been the guardian of Frank P. Beam. The testimony only went to trace the fund, and show where it had been invested.

6. Eighteenth assignment. The appellant offered to show that the date in decedent's account book had been changed from January 20, 1890, to January 9, 1890, by the administrator, after decedent's death. But the auditor held, and we agree with him, that the alteration if made, was entirely immaterial, so that this assignment is without merit.

All the assignments of error are dismissed, and the report of the auditor, as sustained by the court below, is approved.