# Baeder's Estate.

*Husband and wife—Assignment—Contingent interest in estate—Consideration—Want of consideration—Acknowledgment.*

1. An assignment by a wife of an expectancy of an interest in the income from her father-in-law's estate contingent upon her surviving her husband, in consideration of the conveyance to her of several valuable pieces of real estate and the cancellation of a large debt of her husband to the assignee, cannot be sustained because of the provision for the cancellation of the husband's debt, if the assignee refuses to convey to the assignor the real estate mentioned in the assignment.

2. Such an assignment is not valid at law at the time it is executed, but is merely an executory agreement to be equitably enforced when the interest which it is intended to convey vests in the assignor. If the assignee fails to deliver the valuable consideration moving directly to the assignor, he cannot call for performance by her. It may be that without the consideration moving directly to her she would not have assigned her interest merely to secure the payment of her husband's indebtedness.

3. Although an assignment acknowledges the receipt of the conveyance of certain properties which were the consideration for the assignment, such acknowledgment is not conclusive.

Argued Feb. 2, 1909. Appeal, No. 185, Jan. T., 1908, by Bertha L. Baeder, from decree of O. C. Montgomery Co., Oct. T., 1907, No. 26, sustaining exceptions to adjudication in Estate of Charles Baeder, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Exceptions to adjudication. Before SOLLY, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to adjudication.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellant.—The acknowledgment was not conclusive: Nichols v. Nichols, 133 Pa. 438; McPherran's Est., 212 Pa. 425.

The assignment by the appellant was of her interest under the will of Charles Baeder, deceased. Assuming that under the seventh clause of his will she was entitled in the event of her survival of her husband to the income of one-third of the share which her husband was entitled to receive during his lifetime, her interest was contingent upon her surviving her husband, and her assignment thereof, invalid at common law, was only enforceable upon equitable principles if made upon a valid consideration.

That a pre-existing debt of her husband is not such a consideration has been decided by this court in a case where the facts are very similar: Bayler v. Commonwealth, 40 Pa. 37; Lenning's Est., 182 Pa. 485; Kuhns's Est., 163 Pa. 438.

*Bernard Gilpin,* for appellee.—That there was a debt due by H. H. Baeder to appellee makes the validity of the assignment indisputable, for under the decisions the debt which is the consideration for such an assignment may be the debt of the assignor, her husband or a stranger: Hagenbuch v. Phillips, 112 Pa. 284; Dubois Deposit Bank v. Kuntz, 175 Pa. 432; Dando's App., 94 Pa. 76; Kulp v. Brant, 162 Pa. 222; Haffey v. Carey, 73 Pa. 431; Lytle's App., 36 Pa. 131; Kuhn v. Ogilvie, 178 Pa. 303; Siebert v. Bank, 186 Pa. 233; Dusenberry v. Mut. Life Ins. Co. 188 Pa. 454; Herr v. Reinoehl, 209 Pa. 483.

Appellant had an actual estate, or interest in the estate of Charles Baeder, deceased, when the deed of February 8, 1887, was executed, Charles Baeder having died September 25, 1886, and while it was as in Herr v. Reinoehl, 209 Pa. 483, and Kulp v. Brant, 162 Pa. 222, defeasible during the lifetime of her husband, it became absolute on the death of her husband, on June 5, 1907.

That such an estate will pass by deed or assignment has been settled by the decisions in Churchman's Estate, 20 Weekly

Notes of Cases, 367, affirmed in Churchman's Appeal, 22 Weekly Notes of Cases, 131.

OPINION BY MR. JUSTICE BROWN, April 19, 1909:

The assignment of Bertha L. Baeder, the appellant, to Howard R. Kern is void for want of consideration. This was the first and correct view of the court below and ought to have been adhered to on the exceptions to the adjudication.

The consideration moving to the appellant in executing the assignment with her husband was the procuring of a conveyance to her by Kern of twelve properties in the city of Philadelphia, having a value above the incumbrances against them of $29,200, and then follows a consideration of the husband's existing indebtedness to the assignee of $10,000. Though the assignment acknowledges the receipt of the conveyance of the properties, such acknowledgment is not conclusive: Nichols v. Nichols, 133 Pa. 438; McPherran's Estate, 212 Pa. 425. Under competent evidence the court found as a fact that there had been no conveyance of the properties to the appellant; but because the assignment was to secure to Kern the payment of $10,000 of the husband's existing indebtedness, it was held to be valid for that purpose. This was error. Even if the wife could have pledged her contingent interest in the estate of her father-in-law to secure the $10,000 indebtedness of her husband, and an assignment for that purpose alone held by the appellee would be valid, he holds no such assignment. The one under which he claims contains a valuable consideration moving directly to the appellant, but, as a matter of fact, she never received it, and non constat that without the inducement so held out to her directly she would have assigned her interest in the estate merely to secure the payment of her husband's indebtedness. Her assignment was of but an expectancy of an interest in the income from her father-in-law's estate, contingent upon her surviving her husband. If she died before him, she was to get nothing from the estate. Such an assignment is not valid at law at the time it is executed, but is merely an executory agreement to be equitably enforced when the interest which it

is intended to convey vests in the assignor: Bayler v. Commonwealth, 40 Pa. 37; Ruple v. Bindley, 91 Pa. 296; Whelen v. Phillips, 151 Pa. 312. Kern is to be regarded as seeking to enforce performance of the agreement with him. He has not performed, and cannot, therefore, call for performance by the appellant. Other questions raised need not be considered.

The assignments of error are sustained, the decree of the court below is reversed and the adjudication is directed to be confirmed absolutely, the costs on this appeal to be paid by the appellee.