# Munson, Appellant, *v.* Crookston.

*Appeals—Assignments of error—Evidence.*

Assignments of error to the admission of testimony will not be considered where the testimony objected to is not quoted in the assignment.

*Evidence—Witness—Competency of witness—Party dead—Husband and wife—Devolution of title—Tenancy by the curtesy.*

In an action of ejectment where the defendant claims possession as a tenant by the curtesy of his deceased wife's real estate, and the plaintiffs claim as devisees under the deceased wife's will against which the defendant had claimed to take, the husband is not a competent witness as to matters occurring in the wife's lifetime. In such a case the claims of the parties are of different classes, and are not within the exception of the Act of May 23, 1887, P. L. 158, sec. 5, cl. (e).

*Evidence—Declarations—Husband and wife.*

In such an action declarations of a wife in the absence of her husband fall into two classes, those in her own favor and those against her interest. The latter are admissible, but the former are not.

Argued Oct. 29, 1907.   Appeals, Nos. 32, 33, 34, 35, 36 and 37, Oct. T., 1907, by Sidney A. Munson et al., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1903, Nos. 284, 285, 286, 287, 299 and 300, on verdict for defendant in cases of Sidney A. Munson et al. v. William Crookston. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in borough of Pitcairn.

At the trial it appeared that the plaintiffs claimed under the will of Agnes Crookston, deceased, while the defendant, the husband of the deceased, claimed possession as tenant by the curtesy, having elected to take against his wife's will. The plaintiffs alleged that the defendant had deserted his wife, and that consequently the defendant was not entitled to his curtesy.

The court, under objection and exception, excluded evidence offered by the plaintiffs of declarations made by Mrs. Crookston in the absence of her husband. [1-12]

The court admitted, under objection and exception, the tes-

timony of Wm. Crookston as to matters occurring in the lifetime of his wife. [13–16].

The court charged in part as follows:

[Now, as to the time they lived together, up to September 21, 1901 (1896), or at least until the fall of that year, I think I shall have to say to you, there is no evidence which would justify you in finding that he neglected or refused to provide for her.

We have here evidence that she paid bills, and perhaps she paid the larger part of them. We have some evidence that he paid bills, but where a man is living in his wife's house and his wife has property or money and she chooses to pay the bills, and he does not pay any bills, that is not a neglect or refusal to provide for his wife, because his wife has as much right to give him the rent of a house, or to give him the groceries or things he eats as she has to give him anything else, and the presumption would be that if she did that she was giving them to him, and therefore there is no neglect or refusal on his part to provide. The question would, therefore, be as to what took place after that time, and I imagine there is very little difference between the questions as to whether he neglected to provide for her and whether he deserted her, because if he deserted her, of course he didn't provide for her, and if what he did was not a desertion, and she claimed the right and undertook to stay where she pleased, without going with him, then he would not be bound to provide for her. So substantially the question is all one, whether or not he deserted her after this date in September.] [20]

[Now if William Crookston, after he went away from his wife's house on this occasion, had a place for his wife to come to, whether his children were with him or not, and she knew that, and he asked her to come there and she did not come to live with him, but persisted in living in her own house or going elsewhere, then he did not desert her, but, on the contrary, she would in that way have deserted him.] [21]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were rulings on evidence (1–21), and above instructions, quoting them.

*John P. Hunter*, of *Lyon, Hunter & Burke*, with him *George N. Chalfant*, for appellants.

*C. C. Dickey*, with him *W. K. Shiras*, for appellee.

PER CURIAM, January 6, 1908 :

The offers to show declarations of the wife in the absence of the husband fall clearly into two classes, those in her own favor and those against her interest.   Under the settled rules of evidence the latter were admissible, but the former were not.   The learned judge below followed the rule.

Several of the assignments of error are rendered ineffective by failure to regard the rules of court.   Objections were made to testimony offered, the objections were overruled and appellant excepted.   But the testimony so objected to is not quoted in the assignment as required by rule 31, and there is, therefore, nothing on the record to show that even if improperly admitted it did the appellant any injury.

William Crookston, the surviving husband, was not a competent witness, and should not have been admitted to testify to matters occurring in the wife's lifetime.   Under clause (e) of sec. 5 of the evidence Act of May 23, 1887, P. L. 158, no person whose interest shall be adverse to the right of a deceased party shall be a competent witness to any matter occurring before the death of such party.   The exception in the same section, " unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses," does not apply.   The husband here claimed by devolution of law, that is, as tenant by the curtesy, an estate by descent, Cooke v. Doron, 215 Pa. 393, while the plaintiff claimed under the wife's will, that is, by purchase.   He therefore stood in her place, and the husband's claim was adverse to her title which the plaintiff represented.   Had the plaintiff claimed as heir or next of kin he would have claimed by devolution as the husband did, and both would have been competent witnesses under the exception quoted.   But as the case stands, their claims are of different classes, and they

are not within the exception of the statute : Rine v. Hall, 187 Pa. 264, 276 ; King v. Humphreys, 138 Pa. 310 ; Crothers v. Crothers, 149 Pa. 201 ; Baldwin v. Stier, 191 Pa. 432 ; Myers v. Litts, 195 Pa. 595 ; Shroyer v. Smith, 204 Pa. 310.

But the admission of the husband as a witness, though an error, did the appellant no injury for he had already failed to establish his cause of action. All the testimony given, even if the offers which were rejected should be included, show nothing more than quarrels, dissatisfaction with the presence of the husband's children by a former marriage, payment by the wife of many if not most of the bills, and other causes of dissension, but all of these together fall far short of showing desertion. The plain result of the whole was to show that the wife being dissatisfied with the domestic situation, preferred to live apart, and therefore left the husband. The judge in a careful and elaborate charge submitted the question to the jury. He might well have directed a verdict for defendant.

Judgment affirmed.