# Rorabaugh's Estate.

*Practice, orphans' court—Findings of fact—Decedents' estates—Promissory note—Forgery.*

A finding of fact by the judge of the orphans' court that a promissory note presented as a claim against a decedent's estate is a forgery will not be reversed by the Supreme Court if there is sufficient testimony to sustain it.

Argued Oct. 5, 1910. Appeal, No. 149, Oct. T., 1910, by Margaret Rorabaugh, from decree of O. C. Westmoreland Co., Feb. T., 1910, No. 59, disallowing claim against estate of David Rorabaugh. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before STEEL, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree disallowing claim and dismissing exceptions to adjudication.

*Chas. C. Crowell,* for appellant.

*John E. Kunkle,* for appellee.

PER CURIAM, January 3, 1911:

This appeal is from an order disallowing a claim by a widow against her husband's estate. His whole estate, real and personal, was less than $3,000. The appellant, who was his third wife, presented a note for $2,000, drawn to her order and dated within a month of her marriage to him. Her claim was resisted by his children by a former marriage, on the ground that the note was a forgery. The learned judge of the orphans' court concluded from an inspection of the note, and from the testimony of witnesses familiar with the handwriting of the decedent, that the note was not genuine.

There was ample testimony, which if believed, would sustain the conclusion reached. This is the limit of our inquiry. We have repeatedly said that we will not review findings of fact except to ascertain whether there was testimony to sustain them: Hancock v. Melloy, 187 Pa. 371; Dilworth v. Kennedy, 201 Pa. 388.

The decree of the court is affirmed at the cost of the appellant.