# Oil Well Supply Company *v.* Ulrich Stewart Mfg. Company.

*Auditors—Findings of fact—Evidence—Receivers — Corporation.*

The findings of fact by an auditor of the account of a receiver, on which is based the disallowance of a personal claim of the receiver, will not be disturbed by the appellate court where such findings are based upon competent testimony, have been approved by the court below, and are without manifest error.

Argued Oct. 30, 1911. Appeal, No. 62, Oct. T., 1911, by Henry Ulrich, from order of C. P. No. 2, Allegheny Co., July T., 1905, No. 990, dismissing exceptions to auditor's report in case of Oil Well Supply Company v. Ulrich Stewart Manufacturing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to auditor's report.

The case turned upon the auditor's findings of fact.

*Error assigned* was in dismissing exceptions to auditor's report.

*W. K. Jennings,* with him *C. D. Jennings* and *Stonecipher & Ralston,* for appellant.

*Ward Bonsall,* with him *Charles A. Poth,* for appellees.

PER CURIAM, January 2, 1912:

The assignments of error are to the confirmation of the report of an auditor of the account of a receiver of an insolvent corporation. The main complaint is that a personal claim by the receiver for the value of property alleged by him to have been delivered to the corporation at the time of its organization was disal-

lowed. A discussion of the details of the controversy between the receiver and the creditors of the corporation would serve no useful purpose. The question before the auditor was one of fact purely. We have repeatedly said that the findings of fact by an auditor, approved by the court, will not be disturbed unless it is clearly shown that they are erroneous. Ordinarily the limit of our inquiry in reviewing findings of fact, is to ascertain whether there was testimony, which, if believed, would sustain the findings: Steinmeyer v. Siebert, 190 Pa. 471; Rorabaugh's Estate, 229 Pa. 377. There was ample testimony to sustain the findings made.

The order is affirmed at the cost of the appellant.