# Ike's Estate.

*Executors and administrators—Promissory notes—Issue to determine validity of notes held by administrator.*

1. Where at the audit of an administrator's account he presents notes to his own order made by the decedent, the validity of which is denied by other parties in interest, and an issue demanded, the grant of the issue is not of right but is a matter within the discretion of the Court.

*Auditors—Findings of fact—Promissory notes—Evidence.*

2. An auditor's finding of fact based upon sufficient evidence and affirmed by the Orphans' Court that certain promissory notes were valid and just claims against the estate of a decedent, will not be reversed by the appellate court in the absence of manifest error.

Argued April 15, 1912. Appeal, No. 195, Jan. T., 1911, by Emma G. Ike, from decree of O. C. Blair Co., No. 463, of 1901, dismissing exceptions to auditor's report and in refusing to award an issue. Before Fell, C. J., Mestrezat, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Exceptions to auditor's report.

The opinion of the Supreme Court states the case.

*Errors assigned* were (1) refusing to award an issue and (2-6) in overruling exceptions to auditor's report.

*Thomas H. Greevy* and *E. G. Brotherlin,* for appellants.

*H. H. Waite,* with him *Charles Geesey,* for appellees.

Per Curiam, May 13, 1912:

The assignments of error relate to the refusal of the court to award an issue to determine the validity of notes on which the administrator claimed to recover from the decedent's estate and to the confirmation of

the report of the auditor allowing the claim. The right to an issue, under the facts shown, was considered by this court on an appeal by the same appellant, in a proceeding that grew out of the application by the administrator for an order to sell the real estate of the decedent for the payment of debts. In dismissing the appeal it was said, "The issue asked for was not of right but depended upon the discretion of the court under the facts as developed: Kates's Estate, 148 Pa. 471. There was not only no abuse of this discretion but in our judgment, upon a review of the whole record, a proper exercise of it." See Ike's Estate, 200 Pa. 202. At the hearing before the auditor, the only testimony presented was that which, on the former application, had been adjudged insufficient by the Orphans' Court and by this court.

Whether the notes were valid obligations of the decedent was purely a question of fact, and the finding of the auditor, affirmed by the court, will not be set aside.

The order is affirmed at the cost of the appellant.