## Finch's Estate.

*Decedents' Estates—Husband and wife—Desertion—Exclusion of deserting husband in sharing in wife's estate—Act of June 7, 1917, P. L. 435, section 5 (Intestate Act).*

The findings of fact of an auditing judge of the Orphans' Court, especially when affirmed by the court in banc, will not be disturbed, when based on sufficient evidence.

Where the evidence established that a husband had maliciously deserted his wife and had neglected to provide for her, and never intended to provide for her during the last year of her life, he was properly excluded from sharing in her estate, under the provisions of section 5 of the Intestate Act of June 7, 1917, P. L. 435.

Argued May 1, 1925. Appeal No. 165, April T., 1925, by Clarence W. Ziegler from the decree of distribution of O. C. Allegheny County, September T., 1924, No. 814, in the case of Estate of Mary D. Finch, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before TRIMBLE, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the decree of the court.

*Joseph M. Friedman,* for appellant.—A husband may change his residence and the wife must follow him:

238, (1826).]        Arguments—Opinion of the Court.

Caldwell v. Caldwell, 70 Pa. Superior Ct., 332; Cra-ver's Petition, 260 Pa. 186.

Testimony showed that the relation of the parties was a separation between the wife and husband: Schre-kengost's Estate, 77 Pa. Superior Ct. 235.

*S. M. Soffel,* for appellee.—Where a question is one of fact, depending for its decision upon oral testimony, the finding of the auditing judge of the Orphans' Court, approved by the court in banc, if there is evidence which warranted it, will not be reversed: Barr's Estate, 43 Pa. Superior Ct. 540; Elton's Estate, 48 Pa. Superior Ct. 585; Snively's Estate, 59 Pa. Superior Ct. 368; Shellenberger's Estate, 71 Pa. Superior Ct. 597; Kvist's Estate, 256 Pa. 30; Backhaus's Estate, 266 Pa. 17.

OPINION BY LINN, J., July 9, 1925:

The order appealed from excludes a husband from sharing in his deceased wife's estate, on the ground of wilful neglect and desertion within section 5 of the Intestate Act of June 7, 1917, P. L. 435. That section provides: "No husband who shall have, for one year or upwards previous to the death of his wife, wilfully neglected or refused to provide for his wife, or shall have for that period or upwards wilfully and maliciously deserted her, shall have the right to claim any title or interest in her real or personal estate after her decease, under the provisions of this act."

The auditing judge found the facts as follows: "Clarence Ziegler was married to Annie Ivona Finch, . .,. . on June 5th or 25th, 1917. He provided a home for her for one month or five weeks after the marriage and then with her removed to her mother's home where she died on March 12, 1920. Annie Ivona Finch and her husband did not live together in concord and harmony; but had disputes which he alleges occurred from her supplying him with insufficient food after they had

removed to his mother-in-law's home. They had a child born on June 29, 1918. One week before the birth of this child he left his wife, remaining away for about six weeks. He returned to her and repeated the desertion several times and each time he was the offender. In January, 1919, he left his wife and did not return to her during her life-time. In September, 1922, he remarried. He has never supported his child or offered to do so. He did give his wife about $60 in small payments of $5 a month during the last year of her life ......When his wife died he was not permitted to enter the home of his mother-in-law and he left the payment of her funeral expenses and physician's bills to her relatives. He is not supported in his allegation that he lived with his wife until October, 1919. He was then living with his mother and sister.....We are clearly of the opinion that this man maliciously deserted his wife and never intended to provide for her. He never did offer her a home of her own after he returned with her to her mother's home, although he pretended to be wanting his wife to move; but cancelled all the articles in an order for furniture except what was necessary for a dining room and this was sent to his mother-in-law's house and not paid for by him." Exceptions were filed and were dismissed by the court in banc. The record contains sufficient evidence to support those findings. As the challenged decree logically follows the findings of fact, we must affirm it: "The prevailing rule is that findings of fact of an auditing judge, when based upon sufficient evidence, and especially if affirmed by the orphans' court, as was done in this case, will not be disturbed unless error is clearly shown and it appears the facts found were without sufficient evidence to sustain them, as he hears the witnesses testify, and therefore is better able to judge of their credibility: Ike's Est., 236 Pa. 429; Rorabaugh's Est., 229 Pa. 377; Shaw's Est., 54 Pa. Superior Ct. 444"; Kvist's Est., 256 Pa. 30, 35.

Decree affirmed at the cost of appellant.