Estate of Samuel R. Grissinger, Deceased.

Argued October 26, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*A. J. White Hutton,* and with him *Chas. E. Hower,* for appellants.

*Robert H. Henderson* of *Henderson & Henderson,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:
These three appeals were taken by the children of

Samuel R. Grissinger, deceased. They were argued together and as they involve the same facts, they will be disposed of in one opinion.

Samuel R. Grissinger died, intestate, September 29, 1928, leaving to survive him, as his sole heirs, four children. In the spring of 1925, he entered into a parol contract with his son, Earnest, to sell him his farm and all the personal property thereon for $5,000. Earnest took possession of the farm in May or June. On the 16th of November, 1927, the deceased executed a deed for the real estate to Earnest, in which $4,000 was named as the consideration, and he acknowledged therein the receipt of the entire purchase money. After the death of the father, James Grissinger, one of the sons, was appointed administrator. He filed an account and an auditor was appointed to distribute the funds in his hands.

The appellants maintained before the auditor that Earnest Grissinger should be charged with an unpaid portion of the purchase money for the farm. After receiving considerable testimony, the auditor found that the unpaid balance was not an advancement, as the appellants argue, but that it was the father's intention when the deed was delivered to make a gift to Earnest of the unpaid portion of the purchase money. The exceptions to the report were dismissed by the court. This appeal followed.

The deed, on its face, is an absolute conveyance of the land for a valuable consideration and the payment therefor is expressly acknowledged. This receipt for the purchase money is prima facie evidence that no more money was due the grantor: McPherran's Est., 212 Pa. 425. As was said in Miller's App., 107 Pa. 221, 227, "We must ...... assume the transaction to be what upon the face of the papers it appears to be, viz.; a sale of the land by father to son, for a valuable consideration paid, and the burden of proving that the

conveyances were an advancement only, falls upon those who allege it.'' In an effort to meet the burden, the appellants relied mainly upon alleged statements made by Earnest that he owed to his father's estate part of the consideration named in the deed. Earnest denied that he ever made such an acknowledgment of indebtedness. He conceded that he did not actually pay the entire consideration in cash or give security for the payment thereof, but he maintains that his father voluntarily released him from any further payments. The deed strongly supports that contention. A number of disinterested witnesses testified to conversations they had had with the decedent, prior and subsequent to the date of the deed, to the effect that the deceased had expressly stated that Earnest was not indebted to him.

The auditor determined very properly that the evidence offered was not sufficiently convincing for him to hold that any unpaid purchase money should be treated as an advancement instead of a gift. As has been frequently stated, the auditor's findings when approved by the court below are as conclusive as the verdict of a jury and will only be set aside for reasons sufficient for granting a new trial: Kvist's Est., 256 Pa. 30, 35; Finch's Est., 86 Pa. Superior Ct. 238, 240. They do not exist in this case.

We find no error in the conclusion reached by the auditor and learned court below. Decree in each appeal is affirmed at the cost of the appellants.