## Levy's Estate.

*Frank A. Harrigan,* for Agnes C. Wilson, exceptant.
*John C. Bell, Jr.,* for Violet I. Levy, exceptant.

GEST, J., October 30, 1931.—The testator died June 5, 1930, leaving a will, by which he devised his residuary estate in trust for Violet I. Levy and

others, she being the principal beneficiary. The exceptant, referred to in this opinion as Agnes C. Wilson, or the claimant, on September 26, 1930, executed her election, in which she styled herself as the testator's widow, and claimed, as such, to take against his will her interest in his estate under the intestate law. This interest would be one-half of the estate, and the balance for distribution of personal estate, as shown by the adjudication, amounted to over half a million dollars.

After the executor filed its account, a commission issued, on the petition of the claimant, to take testimony in Miami, Florida, in which petition she averred that she "entered into a marriage with the decedent by mutual agreement, and without ceremony, on the third day of February, 1900, at Essington, Pennsylvania." By agreement, the date was subsequently amended to the third day of February, 1899.

At no time was there any evidence produced of any actual contract of marriage. The claimant's case as presented was that of a so-called common-law marriage, that is, the presumption of a marriage arising from cohabitation and reputation. This is ordinarily called a "common-law marriage" by a singular misnomer, for the common law of Pennsylvania merely recognized the validity of the presumption of marriage for the reasons assigned by Tilghman, C. J., as long ago as 1816, in Chambers v. Dickson, 2 S. & R. 475, and, being merely a presumption, it is rebutted by proof that no marriage actually existed. A recent authority on that point is McDevitt's Estate, 280 Pa. 50.

The case was patiently heard by the Auditing Judge upon numerous days. The notes of testimony at the audit, exclusive of exhibits, fill 363 pages, and the testimony taken under the commission 238 pages, all of which was carefully considered by the Auditing Judge, who found that no marriage was proved by consent, by agreement or by cohabitation and reputation, and dismissed the claim. After a careful examination of the testimony, we entirely concur with the Auditing Judge in his findings, and his adjudication requires little to be said in support of it.

It is proper, however, to emphasize the fact that several witnesses testified to declarations made by the claimant, both before and after the decedent's death, that she was not married to him. While the claimant was an incompetent witness concerning anything that occurred prior to his death; Bowman's Estate, 301 Pa. 337, following Munson v. Crookston, 219 Pa. 419; she was entirely competent concerning anything that occurred subsequently, and, under the Act of June 11, 1891, P. L. 287, she was competent to contradict the testimony given of her declarations prior to the death. These declarations being against her interest are entitled to great weight, and the failure of the claimant to contradict them is, in our opinion, inferential evidence of her inability to do so: Green v. Brooks, 215 Pa. 492; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

The learned counsel for the claimant, exceptant, presented his argument with great ability, but has not convinced us that the Auditing Judge committed any error, and the exceptions of Agnes C. Wilson are dismissed.

The testator bequeathed to the claimant, by the name of Agnes C. Wilson, an annuity of $2400 per annum, which the Auditing Judge allowed. To this award the residuary legatee has filed exceptions on the ground that the claimant is bound by her election to take against the will, and is estopped to claim the annuity given to her by it. The learned counsel for Violet I. Levy admits in his brief that no case in point has been found, and this is not surprising, as the exceptions are entirely without merit. A widow taking against

the will is bound by her election and can claim nothing under it, but Agnes C. Wilson is not the widow, and is clearly entitled to the annuity bequeathed to her under her own name. These exceptions are also dismissed.

All exceptions to the adjudication are dismissed and the adjudication is confirmed absolutely.