## In Re: Estate of John Balog Fenyo.

Submitted April 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*C. Randolph Myers,* for appellant.

*Harry Doerr,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1932:

John Balog Fenyo, an alien, came to this country in January, 1921, and died in Cambria County, Sep-

tember 23, 1929. On September 18, 1929, he made his will, bequeathing his personal estate to his four brothers and devising his real estate in Czechoslovakia to his widow, providing she remained unmarried. The account showed a balance of $3,958.44 for distribution.

The widow, a resident of Czechoslovakia, asked that $500 exemption be set aside in cash, and filed her election to take against the will, and requested that appraisers be appointed to set aside to her, as a widow, $5,000 under the Intestate Act. Her claims were contested on the ground that she had been living separate and apart from her husband for upwards of five years and during that time had given birth to an illegitimate child. After a full hearing, the auditing judge disallowed the claim for $500 exemption, refused to set aside $5,000 under the Intestate Act, and awarded the fund for distribution to the brothers of the deceased under the provisions of the will. Exceptions were filed thereto, which were dismissed by the court sitting in banc, and this appeal followed.

(1) The first question involved relates to the admission of testimony of Mike Balog Fenyo, a brother, and a beneficiary under the will, who testified to the contents of a letter alleged to have been written by the widow to the decedent in 1928, which the witness had read, but which, after diligent search, was not found among the decedent's effects. The objection was based on section 5, clause (e), of the Act of May 23, 1887, P. L. 158 (28 PS 322). That statute provides that no person whose interest shall be adverse to the rights of the deceased party shall be a competent witness to any matter occurring before the death of such party; ''unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses.''

The witness did not claim as an heir—by devolution, but under his brother's will—by purchase. He stood in the decedent's place and his interest was, therefore, not adverse. It follows that he was competent: Munson v. Crookston, 219 Pa. 419; Bowman's Est., 301 Pa. 337.

(2) The appellant, in answer to the contention that she forfeited her rights in her husband's estate by her conduct, amounting in law to a wilful and malicious desertion, maintained that any wrongdoing on her part was well known to the decedent and condoned by him. This record discloses that the deceased never returned to his native land and that the wife always remained there. The testimony clearly establishes that the appellant had been living in adultery practically continuously since prior to 1925 with a man by the name of Gaboda, and, as a result, an illegitimate child was born. Admissions made by the widow, in addition to her statements in the letter to her husband, and a photograph of the child, show conclusively her immoral conduct. There was an actual and intended abandonment by the wife, without cause or consent of the husband, of matrimonial cohabitation. The separation had all the elements of a wilful and malicious desertion under our divorce laws and, therefore, deprives her of the right to take against her husband's will: Lodge's Est., 287 Pa. 184; Bowman's Est., supra. The endeavor to show condonation was unsuccessful. The court found on sufficient competent evidence that whatever efforts were made by the deceased to have his wife come to him and resume marital relations were repulsed. An attempted condonation is insufficient—it must be completed and accompanied by cohabitation and all that that term means.

The widow's right to an exemption of $500 is a gratuity under the law, based upon the existence of the family relation at the time of the decedent's death, and was not intended to apply where a wife has lived

for years in a foreign country, separate from her husband, and not a part of the family, unless she was prevented from occupying that relation by the conduct of the husband: Spier's App., 26 Pa. 233; Mallory's Est., 300 Pa. 217; Finch's Est., 86 Pa. Superior Ct. 238. She was, therefore, not entitled to the widow's exemption under the Fiduciaries Act of June 7, 1917, P. L. 447.

A careful review of the entire record discloses no error. Decree of the lower court is affirmed at cost of appellants.