Cramm's Estate.

Argued April 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Fred C. Kiebort,* of *Thomas & Kiebort,* with him *W. J. Sirdevan,* for appellants.

*G. Wayne Altenburg,* of *Mahany & Altenburg,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This is an appeal from an order of the Orphans' Court of Crawford County, directing Mary Cramm, Executrix of the last will and testament of William Cramm, deceased, to record in the Office of the Recorder of Deeds and to file in the Office of the Clerk of the Orphans' Court of said County, the election of the surviving spouse of William Cramm to take against his will.

William Cramm died testate on May 5th, 1931. His will was admitted to probate and on October 31, 1931, letters testamentary were duly granted and issued by the Register of Wills of Crawford County unto Mary Cramm, the Executrix named in said will. The decedent had a small personal estate of the appraised value of $52.99 and owned a farm of about 40 acres with a house and barn thereon, situate in Oil Creek Township, Crawford County.

By the terms of his will, all of decedent's property was devised and bequeathed to his surviving brothers and sisters and a niece. His widow, Minnie Cramm, was not mentioned in said will. On or about December 1, 1931, the executrix was served with a notice of the widow's election to take against the will. Said notice was in form following and was duly acknowledged: "To Mary Cramm, Executrix of the Last Will

and Testament of said decedent: To Register of Wills and Clerk of Orphans' Court of Crawford County: To legatees, devisees and creditors of the above estate: You will please take notice that I, Minnie Cramm, widow of the said William Cramm, deceased, do hereby elect to take against the will of said decedent, and in lieu thereof to take and receive my share of said estate under the intestate laws and would request you to record and file this notice in accordance with the Act of Assembly in such case made and provided. Minnie Cramm (Sealed)."

On December 22, 1932, the widow presented her petition to the Orphans' Court claiming all of the decedent's real estate as her exemption and praying for the appointment of appraisers to appraise same. The court appointed two appraisers who on January 13, 1933, filed their return or appraisement, fixing a value of $500 on all of the decedent's real estate which consisted of the farm above mentioned. Thereafter, exceptions were filed by the devisees to the appraisement and the widow's claim for exemption. On May 1, 1933, KENT, P. J., of the Orphans' Court, filed an opinion and entered an order dismissing the exceptions and finally confirming the appraisement of real estate set aside to the widow as her exemption. From that order, an appeal was taken by Mary Cramm and John Cramm to this court at No. 131 April Term, 1934, and in an opinion by Judge PARKER on October 3, 1934, the judgment of the lower court was reversed: *Estate of William Cramm, Deceased,* 114 Pa. Superior Ct. 463, 174 A. 838.

On November 5, 1934, pursuant to a petition presented on behalf of the widow, the Orphans' Court granted a rule on the executrix to show cause why the widow's election to take against the will should not be recorded and filed as of a date within the time required by statute. To this petition, an answer was filed by

the executrix on Nov. 28, 1934. On March, 2, 1936, KENT, P. J., filed an opinion and entered an order directing Mary Cramm, Executrix, to forthwith record in the office of the Recorder of Crawford County, and thereafter file in the office of the Clerk of the Orphans' Court of said county, the election of Minnie Cramm to take against the will of her deceased husband, William Cramm. From the order so entered, this appeal was taken by the devisees.

Appellant claims that the delay of the widow in taking action to have her election recorded and filed, amounted to an abandonment and waiver thereof, and estops her from any further claim or proceeding under the election.

Section 23 (b) of the Wills Act of June 7, 1917, P. L. 403 as amended by the Act of April 24, 1929, P. L. 648, reads: "A surviving spouse electing to take under or against the will......shall......manifest the election by a writing signed by him or her duly acknowledged ......and delivered to the executor or administrator ......within one year after the issuance of letters testamentary or administration....... Neglect in refusal or failure to deliver such writing within such period shall be deemed an election to take under the will."

Section 23 (e) of the Wills Act as amended, by Section 2 of Act of 1929, supra, provides: "The election by a surviving spouse......shall......at the cost of the estate, be recorded, by the personal representative of the decedent, in the office for the recording of deeds of the county where the decedent's will is probated...... and shall be indexed by the recorder in the grantor's index under the name of the decedent, and in the grantees' index under the name of the surviving spouse ......After the said election shall have been recorded in the office for the recording of deeds......the said

election......at the cost of the estate, shall be filed in the office of the clerk of the orphans' court and a record made of such filing by the said clerk......"

It is conceded that the widow, Minnie Cramm, complied in every way with the provisions of Section 23 (b) of the Wills Act supra.

The failure to record the election is not the fault of the surviving spouse, nor does the law impose upon her this duty, but the failure was due to the failure, neglect and dereliction of duty on the part of the executrix of the estate.

Section 23 (e) supra, seems to very definitely place upon the personal representative of the decedent the duty of recording and filing the election at the cost of the estate; and failure on the part of the personal representative of the decedent to record and file said election, as required therein, cannot deprive the surviving spouse of her legal rights thereunder.

It also appears from the sections quoted supra, no time limit is set by the Act for the filing and recording of the election.

The widow having done all things that the law required, her election requesting the personal representative of the estate to file and record the same according to law would be justified, by the silence of the executrix, in presuming that she had done as requested.

The opinion of Judge HOLLAND in *King's Estate*, 22 D. & C. 172 is applicable to the instant case, involving a similar state of facts, wherein he says: "Section 23 (b) of the Wills Act of 1917, amended by the Act of April 2, 1925, P. L. 117, and the Act of April 24, 1929, P. L. 648, clearly defines the requisite acts to be done by a surviving spouse to accomplish his or her election to take against the will of his or her deceased spouse. The requirement is that the surviving spouse electing to take against the will of the decedent shall 'manifest

the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within one year after the issuance of letters testamentary or of administration.'

"It will be seen therefore that this Petitioner fully complied with the law to accomplish his election to take against the decedent's will. We have his election in writing, signed by him, duly acknowledged before a notary public, and delivered to the executor of the estate of the decedent within one year after the issuance of letters testamentary......When he thus delivered the election to the executor, he not only did all that the law required him to do but he did all that it was possible for him to do. It follows therefore that his election was effective as of October 24, 1930, and no neglect on the part of the executor or any other person can interfere with his rights in his wife's estate effected by the election. The recording of the election in the proper recorder of deeds office and the filing thereof in the proper office of the clerk of the Orphans' Court is regulated by Section 23 (e) of the Wills Act of 1917, as amended by the Act of April 24, 1929, P. L. 648, sec. 2. It will be observed that this clause of the section of the act places upon the personal representative of the decedent the duty of recording and filing the election therein required. The deceased executor failed to record or file the election as he should have done. Since his death, one Sarah E. Yerkes has been appointed administratrix d.b.n.c.t.a., and letters have been granted to her. It will be seen, therefore, that the duty properly to record and file the election falls upon her. It will further be seen that this clause of the section of the act does not specify any time limit within which the recording and filing must be done, the election having

been perfected by its delivery in due time to the executor."

Appellants contend that the widow, by claiming her exemption (which was disallowed by this court) abandoned her election to take against the will. We cannot agree with this contention. The provision for exemption attaches to all estates, whether the decedent die testate or intestate, and any claim thereto or any proceeding instituted for the enforcement thereof could in no way affect the election by a surviving spouse to take against her deceased husband's will. They are separate and distinct provisions of our law. The widow's exemption is a claim preferred in law, and may not be defeated by other claims against the estate. It is a gratuity under the law, based upon the existence of the family relation at the time of the decedent's death; *In re Estate of Fenyo*, 105 Pa. Superior Ct. 560, 161 A. 606. That case recognizes a clear distinction between exemption rights and right of election to take against a will.

No intervening rights of third persons have attached. The rights of the devisees and legatees under the will are subject to the rights of the surviving spouse's election to take against the will.

The case was properly disposed of by the lower court. The assignment of error is overruled and the decree of the lower court affirmed.