## Mahoney's Estate

Before Trimble, P. J., Tener and Boyle, JJ.

*Edward J. I. Gannon*, for exceptant.
*John H. Briley*, contra.

BOYLE, J., for the court in banc, December 4, 1945.—
Exceptions are filed to the decree entered August 1,
1945, annulling the election of Ethel K. Mahoney,
widow, to take against the will of her deceased hus-
band, John H. Mahoney. Petitioners and all those
joining in the petition for annulment are children of
decedent. Several questions are raised as follows:

1. (*a*) Are petitioners for annulment of the widow's
election, who are co-executors and beneficiaries under
the will, estopped from so proceeding by reason of their
acceptance of delivery from the widow of the executed
election and their recording of it in the office for the
recording of deeds, under the provisions of section 23
of the Wills Act of June 7, 1917, P. L. 403?

(*b*) Are the children who joined in the petition
bound by the acceptance and recording of the widow's
election by those children of decedent who are co-
executors of the will, and are they also estopped from
proceeding to annul the widow's election?

2. Does the fact that the husband died testate give
the widow the right to elect to take against the will

despite a valid antenuptial agreement which gives her a one-sixth interest in the estate where said agreement provides that she releases any interest which she might have as widow under the intestate laws of Pennsylvania?

1. (a) and (b). The widow asserts that the executors, by accepting and recording her election to take against her deceased husband's will, are estopped to deny the validity of the election. While the position of the executors in these circumstances may seem at first to be anomalous, yet by accepting delivery of the widow's election and recording it in the office for the recording of deeds they followed the mandate of the provisions of section 23 of the Wills Act of 1917. Section 23 (b) of said act, as amended by the Act of July 8, 1935, P. L. 611, sec. 1, provides as follows:

"A surviving spouse electing to take under or against the will of the decedent, shall, in all cases, except where such surviving spouse is the sole legatee and beneficiary under the will, manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within one year after the issuance of letters testamentary or of administration."

Section 23 (e) of said act, as amended by the Act of April 24, 1929, P. L. 648, sec. 2, provides as follows:

"The election by a surviving spouse, . . . shall, . . . at the cost of the estate, be recorded, by the personal representative of the decedent, in the office for the recording of deeds of the county where the decedent's will is probated, in the deed book, and shall be indexed by the recorder in the grantors' index under the name of the decedent, and in the grantees' index under the name of the surviving spouse, and shall be registered in the survey bureau, or with the proper

authorities empowered to keep a register of real estate, if any there be in said county. . . . After the said election shall have been recorded in the office for the recording of deeds, as aforesaid, the said election, at the cost of the estate, shall be filed in the office of the clerk of the orphans' court and a record made of such filing by the said clerk. . . ."

Under the above quoted provisions of the Wills Act of 1917, as amended, the executors of the will have a duty to accept delivery from the widow of her election, and, likewise, a duty to record the same in the office of the recorder of deeds. See Cramm's Estate, 127 Pa. Superior Ct. 446, affirmed by the Supreme Court, 329 Pa. 528. To now deny the children who are the co-executors of decedent's will the right to petition for annulment of the widow's election would be to penalize them for obedience to the positive mandate of the statute. We hold, therefore, that the acceptance and recording of the widow's election by the executors does not estop them, or the other children of decedent who joined in the petition, from proceeding for the annulment of the widow's election.

2. It is argued on behalf of the widow that her interest in her deceased husband's estate, as provided in the antenuptial agreement, was to be a one sixth only in the event he died intestate. It is asserted that the husband having died testate, the provisions of the antenuptial agreement do not apply and the widow is free to elect to take against the will. We are not impressed with this contention. The purpose and effect of the antenuptial agreement are to establish the quantum of the interest of the widow as one sixth of the estate of her husband, so that she would have an equal share in his estate with his five children of his previous marriage. Her election to take against the will was "a useless gesture". See Coane's Estate, 310 Pa. 138, 141.

For these reasons and those expressed in the opinion of the hearing judge the exceptions filed to the decree annulling the widow's election will be dismissed.

*Decree*

And now, to wit, December 4, 1945, upon further consideration of the foregoing case, it is ordered, adjudged, and decreed that the exceptions be dismissed and the decree of the hearing judge affirmed.